IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DUSTIN REESE HORTON                                              PLAINTIFF

v.                          Civil No. 2:20-CV-02001

SHERIFF RON BROWN (Crawford County,                              DEFENDANTS
Arkansas), LIEUTENANT DOWDY, MRS.
BECKY, and JOHN OR JANE DOE
(Members of the Medical Team, Crawford
County Detention Center)

**ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I. BACKGROUND**

Plaintiff filed his Complaint on January 7, 2020. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file a completed *in forma pauperis* application, which he did on January 27, 2020. (ECF No. 5). Plaintiff alleges his rights were violated while he was incarcerated in the Crawford County Detention Center ("CCDC"). (ECF No. 1 at 4). At the time he filed his Complaint, he states he had been in jail for almost two months. (*Id*. at 3). He alleges the violations began on November 24, 2019. Specifically, he alleges he was given only a thin mat on the ground to sleep on, and the mat was only changed once. He alleges sleeping on the mat gave him a bruised hip and pains in his legs, which made him "unable to walk around." (*Id*.). He characterizes this as a denial of medical care and states he did not suffer from a bruised hip or painful legs prior to his incarceration. He alleges he "told medical" about his hip and legs but has

1

yet to hear anything back from them. (*Id*.). Plaintiff alleges the mats are only a half-inch thick, they stink,[1] inmates are not provided with sheets or pillows, and inmates are provided with only "very limited" personal hygiene items. (*Id*. at 5). Although Plaintiff includes this as support for his denial of medical care claim, the Court will interpret this as a conditions of confinement claim. Finally, Plaintiff alleges that one or more personnel at the jail have smelled of alcohol while at work. (*Id*.).

Plaintiff proceeds against Defendants in both their official and personal capacity for his claims. (*Id*. at 4). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Plaintiff does not identify whether the odor originates from the material of the mat construction or other sources.

## III. ANALYSIS

### A. Conditions of Confinement

Plaintiff fails to allege any plausible conditions of confinement claims. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cty. of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Conditions are not cruel and unusual merely because they are harsh or uncomfortable. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison

3

conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Having an inmate sleep on the floor is not necessarily unconstitutional, *see e.g., Ferguson v. Cape Girardeau County,* 88 F.3d 647, 650 (8th Cir.1996) (use of a floor mattress for 13 nights not unconstitutional); rather, consideration must be given to the totality of the circumstances, including the length of time the inmate is forced to sleep on the floor and the health of the inmate. *See e.g., A.J. by L.B. v. Kierst,* 56 F.3d 849, 855 (8th Cir. 1995) (sleeping on mattresses on the floor not unconstitutional when it was for only a relatively short period of time and then only when there was a special need); *see also Hubbard v. Taylor,* 538 F.3d 229 (3d Cir. 2008) (having to sleep on the floor for three to seven months was not excessive).

As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Whether an injury is sufficiently serious is "claim dependent." *Id.* at 447. "No clear line divides *de minimis* injuries from others." *Id*. In *Irving*, the inmate was assaulted by another inmate at the instigation of prison guards. He suffered injuries to his jaw and nose, which caused him difficulties in breathing for two months after the attack. *Id*. at 445. The Eighth Circuit held that these injuries were sufficiently serious to support a failure to protect claim. *Id.* at 448. *See also Walton v. Dawson*, 752 F.3d 1109, 1118 (8th Cir. 2014) ("It is . . . beyond dispute that rape or sexual assault at the hands of other prisoners is sufficiently serious to amount to a deprivation of constitutional dimension.") (internal quotations omitted); *Ellis v. Bass*, 982 F.2d 525, *2 (8th Cir. 1992) (unpublished) (irritation to inmate's skin and eyes caused when another inmate threw a bucket of a bleach and cleanser solution over him was *de minimus* at most);

*Chavero-Linares*, 2013 WL 5655559, *8 (N.D. Iowa 2013) (scratch or cut on cheek that Plaintiff received when another inmate threw a chair at her, which required only one pain pill for treatment, was *de minimis* injury).

Several Circuits have utilized the test enunciated in *Luong. v. Hatt*, 979 F. Supp. 481, 486 (N.D. Texas Sept. 11, 1997) to evaluate the seriousness of the injury. In analyzing an Eighth Amendment failure to protect claim, the court first noted that *Siglar v. Hightower*, 112 F.3d 191 (5th Cir 1997) provided no definition of a physical injury or a *de minimis* injury pursuant to 1997e(e). *Id.* at 486. It then stated that a physical injury is:

> an observable or diagnosable medical condition requiring treatment by a medical professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc. which lasts even up to two or three weeks . . . Injuries treatable at home [by a free world citizen] and with over-the-counter drugs, heating pads, rest, etc., do not fall within the parameters of 1997e(e). . .

*Id.*; *See also Perez v. United States*, 330 F. App'x 388, 389 (3d Cir. 2009) and *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (using the *Luong* test).

The Ninth Circuit found the *Luong* test required "too much," but also held that "any injury" is "too little" as an injury requirement. *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir 2002). In that case, back and leg pain caused from overcrowded cell conditions, undescribed physical injuries from a fight in the cell, and a canker sore were held to be no more than *de minimis*. *Id.* at 629.

Here, Plaintiff alleges he was forced to sleep on a thin and stinky mat for two months, was denied a sheet and a pillow, and was provided with only "very limited" personal hygiene items. He alleges that sleeping on the mat resulted in a bruised hip and pains in his legs, which made him unable to walk. Plaintiff does not, however, allege that he suffered from any pre-existing medical condition which made sleeping on a mat or without a pillow dangerous to his health or safety, that he was unable to ambulate sufficiently to eat or use the toilet, that he was denied a blanket or

covering other than a sheet, or that he was completely denied personal hygiene items. Further, his allegations of a bruised hip and painful legs from sleeping on a mat describe a *de minimis* injury at most. Plaintiff, therefore, fails to allege any plausible conditions of confinement claims.

**B. Denial of Delay of Medical Care**

Plaintiff also alleges he informed medical staff of the bruised hip and painful legs caused by sleeping on the floor, but did not hear anything back from them at the time he filed his Complaint. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

Plaintiff's allegations of *de minimis* injury do not meet the requirement that he suffered from an objectively serious medical need. Nor does he allege that any delay in the provision of medical care for those alleged *de minimis* injuries worsened his prognosis. *See Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted) ("A prisoner alleging a delay in treatment

must present verifying medical evidence that the delays in treatment adversely affected his prognosis). Plaintiff, therefore, fails to state a plausible denial or delay of medical care claim.

### C. Violation of Facility Policy

Plaintiff alleges that employees at the facility smelled of alcohol while at work, presumably a violation of facility policy. Violations of the Arkansas Jail Standards, or of the jail's own policies, do not equate to violations of the Constitution. *See, e.g., Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (failure to follow state law or policy does not in and of itself state a constitutional claim). Thus, Plaintiff fails to allege any plausible constitutional claims based on the failure of the facility to adhere to any employee policies concerning intoxication in the workplace.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915(g) strike flag on the case.

IT IS SO ORDERED this 28th day of February 2020.

*/s/ P. K. Holmes, III*
P. K. HOLMES, III
U.S. DISTRICT JUDGE